UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jolee KIMBLE, | Case No.:  25-cv-3507-AGS-SBC |
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2) AND DISMISSING COMPLAINT** |
| v. | |
| Frank BIRCHANK, | |
| Defendant. | |

Plaintiff Jolee Kimble, proceeding without an attorney, seeks to waive the filing fee for her lawsuit against Superior Court Judge Frank Birchank. (ECF 1, at 2.) Her request to proceed without prepayment is granted, but her case does not survive mandatory screening and is dismissed with leave to amend.

## DISCUSSION

**A.    Motion to Proceed *In Forma Pauperis***

Parties instituting a civil action in a federal district court must typically pay filing fees of $405. 28 U.S.C. § 1914(a) ($350 filing fee); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2023) ($55 administrative fee). But if granted the right to proceed *in forma pauperis* ("IFP"), a plaintiff can proceed without prepaying those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff claims to be "homeless," and although she is very recently employed at "Applebees," she has virtually no assets to her name and "$1,900" a month in expenses. (*See* ECF 2, at 2, 4, 5.) Her request is granted, after all a plaintiff "need not be completely destitute to proceed IFP." *Blount v. Saul*, No. 21-cv-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021).

**B.    Screening**

In addition, when reviewing an IFP motion, the court must screen the complaint and dismiss it if—among other things—it "fails to state a claim" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). This

1

requirement is an obstacle here, as the only named defendant—a Superior Court judge—appears to be immune from suit.

"[A] judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). Accordingly, judges may not be sued in civil actions for their judicial acts, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Id.* Litigants who believe judicial proceedings have wrongfully harmed them may pursue relief through the appellate process; they are not entitled to sue judges for alleged mistakes in their decision making. Judicial immunity seems to apply to all plaintiff's claims against Judge Birchank, which center on Judge Birchank allegedly "putting 2 filings in the U.S. Mail" after plaintiff appeared before him "on December 10, 2025." (ECF 1, at 2.)

There are only two instances in which a judge will be deprived of this immunity. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (internal citations omitted). Nothing in the complaint suggests either exception applies: the actions were taken by Judge Birchank while allegedly functioning in his judicial role, and there is no reason to suspect he lacked jurisdiction over plaintiff's underlying case.

So, the complaint must be dismissed. But the Court will give plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (holding amendment is typically appropriate "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment").

## CONCLUSION

Thus, the Court orders as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

2. By **January 16, 2026**, plaintiff may file a new amended complaint addressing

2

the deficiencies discussed in this order. The amended complaint must be complete by itself without reference to any previous version of his pleading; defendants not named and any claims not re-alleged in the amended complaint will be considered waived. If plaintiff fails to timely amend, the Court will enter a final Order dismissing this case.

Dated: December 15, 2025

Hon. Andrew G. Schopler
United States District Judge

3