|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |
| Jolee KIMBLE,<br><br>                                    Plaintiff,<br><br>v.<br><br>Frank BIRCHANK,<br><br>                                    Defendant. | Case No.: 25-cv-3507-AGS-SBC<br><br>**ORDER DENYING MOTIONS FOR RESTRAINING ORDER (ECF 5) AND FOR APPOINTED COUNSEL (ECF 3)** |

Plaintiff Jolee Kimble, proceeding without an attorney, seeks an "ex parte restraining order" and appointed counsel. (ECF 5, at 1; ECF 3.) Because the complaint was previously dismissed in this case—and has not been amended—her requests are denied.

## DISCUSSION

### A.     Motion for Temporary Restraining Order

A temporary restraining order is a form of emergency injunctive relief without notice to the other side. *See* Fed. R. Civ. P. 65. Such emergency relief is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). To obtain such an order, plaintiff "must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Id.*; *see also Washington v. Trump*, 847 F.3d 1151, 1159 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (cleaned up)).

Kimble's request never leaves the starting gate. An emergency injunction at a case's start "is appropriate when it grants relief of the same nature as that to be finally granted." *Pacific Radiation Oncology v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). But when a court "dismissed Plaintiff['s] complaint before [she] moved for a TRO [temporary restraining order]," as here, there is "no underlying complaint to which the motion could relate," and this Court lacks "authority to grant injunctive relief in the form of a TRO." *See Yoshimoto v. Alaska Airlines, Inc.*, No. 24-6692, 2025 WL 2911144, at *2 (9th Cir. Oct. 14,

2025); (ECF 4 (order dismissing complaint)). So, the request must be denied.

Even if Kimble's complaint weren't already dismissed, her motion would fail to meet the temporary-restraining-order standard. Most of her filing, difficult as it is to decipher, complains about the behavior of a non-defendant named "Michael Bergen." (*See, e.g.*, ECF 5, at 1.) The captioned defendant—Superior Court Judge Michael Birchank—doesn't appear anywhere in the motion itself. (*See id. passim*.) His name first appears in the exhibits attached to the motion, which indicate that Judge Birchank denied Kimble's request to file a similar motion because the Superior Court adjudged Kimble a "vexatious litigant." (*See* ECF 5-1, at 1.) But even if this ruling is what Kimble is complaining about and seeking to restrain, this Court is forbidden from sitting as a "de facto" appeals court over state-court actions. *See Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). For that reason alone, Kimble is unlikely to succeed on any civil claim challenging Judge Birchank's judicial actions. Since "[l]ikelihood of success on the merits is the most important factor" for a temporary restraining order, when "a movant fails to meet this threshold inquiry," the Court "need not consider the other factors." *Geo Grp., Inc. v. Inslee*, 151 F.4th 1107, 1114 (9th Cir. 2025) (cleaned up).

Thus, for both reasons, the motion for emergency injunctive relief is **DENIED.**

## B.    Motion for Appointed Counsel

For similar reasons, her request for appointed counsel fails. For such an appointment, a civil plaintiff must show "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). To find such circumstances, the Court must evaluate, among other things, "the likelihood of success on the merits." *Id.* (cleaned up). But, as previously discussed, her chance of success is almost zero: her complaint was dismissed because "the only named defendant—a Superior Court judge—appears to be immune from suit." (*See* ECF 4, at 2.) When "the court is unable to determine whether plaintiff's underlying claims have merit," as in this case, "appointment of counsel is premature." *See Fuller v. Houston*,

No. EDCV 21 00127 JGB (AS), 2022 WL 225671, at *2 (C.D. Cal. Jan. 25, 2022) (collecting cases). So, the appointment-of-counsel motion is **DENIED**.

Dated:  December 19, 2025

_____
Hon. Andrew G. Schopler
United States District Judge