UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jolee KIMBLE,<br><br>                                    Plaintiff,<br><br>v.<br><br> Frank BIRCHANK,<br><br>                                    Defendant. | Case No.:  25-cv-3507-AGS-SBC<br><br>**ORDER DENYING MOTION TO COMPEL SIGNATURE (ECF 9)** |

Self-represented plaintiff Jolee Kimble seeks an ex parte order to grant her a "signature for CA State Bar acknowledging" a non-defendant's "fraud to debar him" as well as "a DVRO [Domestic Violence Restraining Order] on" another non-defendant. (ECF 9, at 1.) In other words, it appears she seeks yet another temporary restraining order, after the Court denied her last one. (*See* ECF 6.) For many of the same reasons—including that her complaint has been dismissed—this new request is also denied.

## DISCUSSION

**A.    Motion for Temporary Restraining Order**

A temporary restraining order is a form of emergency injunctive relief without notice to the other side. *See* Fed. R. Civ. P. 65. Such emergency relief is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). Under the *Winter* test, plaintiffs seeking such relief must establish that: (1) they are "likely to succeed on the merits," (2) they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Id.* at 20; *see also Washington v. Trump*, 847 F.3d 1151, 1159 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (cleaned up)).

Just as last time, "Kimble's request never leaves the starting gate." (ECF 6, at 1.) An emergency injunction at a case's start "is appropriate when it grants relief of the same nature as that to be finally granted." *Pacific Radiation Oncology v. Queen's Med. Ctr.*,

1

810 F.3d 631, 636 (9th Cir. 2015). But when a court "dismissed Plaintiff['s] complaint <u>before</u> [she] moved for a TRO [temporary restraining order]," as here, there is "no underlying complaint to which the motion could relate," and this Court lacks "authority to grant injunctive relief in the form of a TRO." *See Yoshimoto v. Alaska Airlines, Inc.*, No. 24-6692, 2025 WL 2911144, at *2 (9th Cir. Oct. 14, 2025); (ECF 4 (order dismissing complaint)). So, the request must be denied.

Even if Kimble's complaint weren't already dismissed, her motion would again fail to meet the temporary-restraining-order standard. In fact, it stumbles on the first step, success on the merits, which "is the most *Winter* factor." *Disney Enters. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (cleaned up). Plaintiffs must typically show a "likelihood"—or "probability"—of prevailing. *Coffman v. Queen of the Valley Med. Ctr.*, 895 F.3d 717, 725 (9th Cir. 2018). But under the Ninth Circuit's "sliding scale" approach, a plaintiff who merely raises "serious questions" about the merits is still entitled to preliminary relief if the other elements are met and the balance of equities "tips sharply in the plaintiff's favor." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 684 (9th Cir. 2023) (en banc).

Kimble has not clearly shown that she is likely to prevail on the merits, nor even raised serious questions on that score. Most of her filing, difficult as it is to decipher, complains about the behavior of non-defendants. (*See, e.g.*, ECF 9, at 1.) She mentions the captioned defendant—Superior Court Judge Michael Birchank—only once in a partially illegible and incomprehensible discussion concerning "massive amounts of corruption":

one Being Carmela Duke of San Diego Superior Court
representing Charles Ben Jr Called the Escondido
Police to have them Close my Cafe Saying it's
Silly as Stated under oath by another attorney
Doing frank Covering for her pastrick
then Frank Birchank. I've filed numerous of

(ECF 9, at 2.) Whatever that passage may mean, it does little to suggest that Kimble will prevail on any claim against Birchank. Because "success on the merits is the most important factor" for a temporary restraining order, when "a movant fails to meet this threshold inquiry," the Court "need not consider the other factors." *Geo Grp., Inc. v. Inslee*, 151 F.4th 1107, 1114 (9th Cir. 2025) (cleaned up).

Thus, the motion for emergency injunctive relief is **DENIED.** "Furthermore, the Court must now exercise its 'inherent power to control its docket and promote efficient use of judicial resources.'" *Ryan v. Best In Slot, LLC*, No. 25-CV-2348-AGS-BLM, 2025 WL 2656279, at *3 (S.D. Cal. Sept. 15, 2025) (quoting *Dependable Highway Exp. v. Navigators Ins.*, 498 F.3d 1059, 1066 (9th Cir. 2007)). Temporary restraining order requests, like all "[e]mergency motions," "are extremely disruptive to a court's schedule," and Kimble "has now filed two such motions—in the matter of a few days—that were patently deficient." *See id.* "As a result, the Court will not consider any further injunctive-relief requests until" she files her amended complaint and "service is complete." *Id.*

Dated: January 7, 2026

Hon. Andrew G. Schopler
United States District Judge

25-cv-3507-AGS-SBC