UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Jolee KIMBLE, | Case No.: 25-cv-3507-AGS-SBC |
|---|---|
| Plaintiff, | **ORDER DISMISSING AMENDED COMPLAINT** |
| v. | |
| Frank BIRCHANK, et al. | |
| Defendants. | |

Self-represented plaintiff Jolee Kimble filed an amended complaint after this Court previously screened out her claims against Superior Court Judge Frank Birchank on judicial-immunity grounds. (*See* ECF 4 (screening order); ECF 12 (amended complaint).) Although the amended complaint has ballooned to now include forty defendants, it too fails screening.

## DISCUSSION

The Court must screen the complaint of a plaintiff like Kimble who is proceeding *in forma pauperis*—that is, who has been permitted to proceed without paying the filing fees. The screened complaint must be dismissed if, among other things, it "fails to state a claim" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Just like last time, Kimble's claims against Judge Birchank arise from his actions as a judicial officer and thus must be dismissed. (*See generally* ECF 4 (discussing judicial immunity).) Moreover, she's now named several other individuals she identifies as judicial officers—Christopher Morris, Matthew Braner, Adam Wertheimer, Danielle Dunham Ramirez, Jonathan W. Fattarsi, and Judith McConnell—and, to the extent they are even mentioned in the body of her amended complaint, each suffers from the same deficiency. So, for the same reasons as last time, the claims against all those individuals are dismissed with prejudice and without leave to amend. *See Huffman v. Lindgren*, 81 F.4th 1016, 1022 (9th Cir. 2023) (affirming dismissal "without leave to amend" based on judicial immunity (cleaned up)).

1

As to the remaining nonjudicial defendants, they are an eclectic lot: plaintiff's (perhaps) ex-spouse, a couple of his family members, the federal Department of Justice, several police departments, some workers at "Cheesecake Factory," someone who works in "Mental Health" at the "Olive Garden," child protective services, UPS, multiple courts, California Governor Gavin Newsom, a handful of attorneys, a pediatrician, and a company. (*See* ECF 12, at 17–26.) Unfortunately, her amended complaint offers little help in figuring out how these seemingly unrelated individuals and entities fit together, much less how this Court has the authority to order the relief she requests. (*See id.* at 15 ("begging" the Court to "call the FBI and have [the defendants] arrested" and then informing the Court that she had "contacted the FBI on you [meaning the Court] as well").)

Her complaint is written in a stream-of-consciousness style, which is difficult to follow. It provides no clear indication of who many of these defendants are or what claims are being asserted against any of them. As an example, here is a page of the amended complaint:

2

and I was having weird behaviors happening at my open house too then november 2023 miriam hemming was contacted about weeks late and then I was set up by miriam Hemming officer Dirane of El Cajon police department and child welfare services and everyone involved in this case I then went to do real estate in northern California and worked for the school district Donna Bergen and michael Bergen drove out to manteca california to violate court order to stalk me. It was reported to the manteca police Department to officer Sharp and then to San Joaquin County Cedatcher that is on video that kevin Bour has seen and Judge Bell. Then there same behaviors happened at olive Garden at olive Garden mental health harassment and Drug harassment by Edith Casillas then I came back to Creek Cabin in Escondido California where I moved in with a male Spencer and strange weird behaviors happened there as well. I was targeted at my home, people coming by as a Delivery guy, leaving a cigarette in place of Stealing my Gnome to let me know they are watching and my pine cone, my neighbor came to my door told me to be careful there were men looking around being suspicious I found I know

(*See* ECF 12, at 8.) To add to the confusion, attached to the amended complaint, in no discernable order, are over 600 pages of court orders, emails, and other seemingly unconnected documents, some of which are either handwritten or illegible. (*See generally id.*)

A complaint must contain "a short and plain statement showing that the pleader is entitled to relief," with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). This rule is "not meant to impose a great burden upon a plaintiff." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). But the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). "Prolix, confusing complaints impose unfair burdens on litigants and judges." *Cafasso, U.S. ex rel. v. General Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (cleaned up). Despite hours spent combing through Kimble's amended complaint, the Court cannot say with any certainty what any of her claims are against any of these defendants. It falls far short of giving the required notice of her claims. *See id.* ("While the proper length and level of clarity for a pleading cannot be defined with any great precision, Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling."). So, the rest of the amended complaint must be dismissed for failing to comply with Rule 8.

## CONCLUSION

The amended complaint is **DISMISSED**. The claims against the named judicial officers are dismissed without leave to amend. The claims against the remaining defendants are dismissed with leave to amend. By **April 13, 2026**, Kimble must file any second amended complaint against the nonjudicial defendants, remedying the deficiencies mentioned above. Any second amended complaint must be complete by itself without reference to any previous version of her pleading. Defendants not named and any claims not re-alleged in that complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012). If Kimble fails to timely amend, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

Dated:  March 15, 2026

Hon. Andrew G. Schopler
United States District Judge

5